John S. Polzer
State Bar No. 24042609
J. Machir Stull
State Bar No. 24070697
**CANTEY HANGER LLP**
1999 Bryan Street, Suite 3300
Dallas, Texas 75201-3100
(214) 978-4122 telephone
(214) 978-4150 facsimile

**ATTORNEYS FOR COMPREHENSIVE
PHARMACY SERVICES, LLC**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| WALNUT HILL PHYSICIANS' | § | CASE NO. 17-32255-BJH-7 |
| HOSPITAL, LLC, | § | |
| Debtor. | § | |
| ———————————————— | § | |
| | § | |
| SCOTT M. SEIDEL, TRUSTEE, | § | |
| Plaintiff, | § | |
| v. | § | ADV. PRO. NO. 18-03082 |
| | § | |
| COMPREHENSIVE PHARMACY SERVICES | § | |
| LLC, | § | |
| Defendant. | § | |

**ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
OF COMPREHENSIVE PHARMACY SERVICES, LLC**

TO THE HONORABLE UNITED STATES BANKRUPTCY COURT:

COMPREHENSIVE PHARMACY SERVICES, LLC ("***Defendant***"), in response to the Trustee's

("***Plaintiff***") *Original Complaint* [Adv. Dkt. No. 1] filed on June 8, 2018 (the "***Complaint***"), files

this *Original Answer and Affirmative Defenses* (the "***Answer***") and in support thereof respectfully

states:

1.  Defendant admits the jurisdiction allegations in paragraphs 1, 2 and 3 of the Complaint.

2.   Defendant admits the allegations contained in paragraph 4 of the Complaint.

3.   Defendant admits the allegations contained in paragraph 5 of the Complaint.

4.   Defendant admits the allegations contained in paragraph 6 of the Complaint.

5.   Defendant admits the allegations contained in paragraph 7 of the Complaint.

6.   Defendant admits the allegations contained in paragraph 8 of the Complaint.

7.   Defendant admits the allegations contained in paragraph 9 of the Complaint.

8.   In response to paragraph 10 of the Complaint, Defendant reincorporates the responses set forth above.

9.   Defendant denies the allegations contained in paragraph 11 of the Complaint.

10. Defendant denies that the Plaintiff is entitled to the relief sought as referenced in paragraph 12 of the Complaint and, to the extent necessary, denies same.

11. In response to paragraph 13 of the Complaint, the Defendant reincorporates the responses set forth above.

12. Defendant denies the allegations contained in paragraph 14 of the Complaint.

13. Defendant denies the allegations contained in paragraph 15 of the Complaint.

14. Defendant denies that the Plaintiff is entitled to the relief sought as referenced in paragraph 16 of the Complaint and, to the extent necessary, denies same.

15. In response to paragraph 17 of the Complaint, the Defendant reincorporates the responses set forth above.

16. Defendant admits that it filed a proof of claim.  The proof of claim and schedules filed in the bankruptcy speak for themselves.   Otherwise, Defendant denies liability to the extent necessary.

17. Defendant is not required to admit or deny the recitation of a statute in paragraph 19 of the Complaint, but denies that Plaintiff is entitled to such relief.

18. Defendant denies that Plaintiff is entitled (a) to avoid any payments, or (b) to the entry of a judgment in any amount.

19. Defendant denies that Plaintiff is entitled to disallow Defendant's claim.

20. Defendant denies that Plaintiff is entitled to an award of damages, interest, attorney's fees, costs or expenses.

## AFFIRMATIVE DEFENSES

21. The transfers which are the subject of the Complaint were intended by Plaintiff and Defendant to be a contemporaneous exchange for new value given to Plaintiff and were in fact a substantially contemporaneous exchange. 11 U.S.C. § 547(c)(1).

22. The transfers which are the subject of the Complaint were in payment of a debt incurred by Plaintiff in the ordinary course of business or financial affairs of Plaintiff and Defendant and (a) made in the ordinary course of business or financial affairs of the Plaintiff and Defendant, or (b) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

23. After the transfers which are the subject of the Complaint, Defendant gave new value to or for the benefit of the Plaintiff, the above-captioned debtor ("*Debtor*") and/or its estate (as applicable), which (a) was not secured by an otherwise unavoidable security interest, and (b) on account of which new value Plaintiff, Debtor and/or its estate (as applicable) did not make an otherwise unavoidable transfer to or for the benefit of Defendant.  11 U.S.C. § 547(c)(4).

24. Defendant reserves the right to amend this Answer and/or raise other affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Court deny all of Plaintiff's claims and requested relief in the Complaint and grant Defendant such other and further relief as is just and equitable.

[*remainder of page intentionally left blank*]

Dated: July 10, 2018.

Respectfully submitted,

CANTEY HANGER LLP

By:   /s/ J. Machir Stull
         J. Machir Stull

         John S. Polzer
         Texas Bar No. 24042609
         J. Machir Stull
         Texas Bar No. 24070697
         1999 Bryan Street, Suite 3300
         Dallas, Texas 75201-3100
         (214) 978-4122 telephone
         (214) 978-4150 facsimile

         COUNSEL FOR COMPREHENSIVE
         PHARMACY SERVICES, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on July 10, 2018, a true and correct copy of this Answer was served on all parties entitled to such service via the Court's ECF system.

         */s/ John S. Polzer*
         John S. Polzer